# SUPREME COURT.

## In the Matter of the Election of The Pioneer Paper Company.

A manufacturing corporation has the right, under the statute (1 *R. S.* 603, *marg.*, § 5), to make application to the court, and to be heard, for the purpose of *establishing an election of its trustees*, who have been declared elected, or to have the election set aside and a new election ordered.

The joinder, in the complaint, of the trustees declared elected, does not affect the rights of the company to institute the proceedings.

Where the judgment of this court decides that a certain amount of stock of such company is held jointly by two of its stockholders, subject to certain equities, the company is required by its officers to issue scrip for said stock to such stockholders; and in an election for trustees of the company, such stockholders, notwithstanding an appeal from such judgment by one of them is pending and undetermined, have an equal right to vote upon such stock, and in case of their disagreement as to the manner of voting, the vote may properly be rejected at the election.

*Saratoga Special Term, April,* 1865.

AT the election for the same company, in March, 1865, the stockholders remaining the same as at the last election, the Buchanan party acquiesced in the election of Wilson as chairman, but questioned the right of each stockholder to vote, and demanded the production of the transfer books before the election should proceed.

The same was not produced, but Wilson, the secretary of the company, produced a small stock ledger, made by him as secretary, in which he had omitted the name of S. A. Parks & Co., and put the 193 shares of stock under the joint names of Comstock and Buchanan.

Buchanan and Parks objected to this book as a fraud, and Wilson *alleged* that the transfer book was lost; but no proof of that fact was made at the election, or before the court.

Wilson and Comstock voted 87 votes in favor of themselves and Marcus W. Comstock, and Parks and Wait voted 20 votes in their own favor and of Buchanan as trustees.

Buchanan and Parks jointly offered to vote upon the 85

shares, and also upon the 108 shares, and Buchanan individu ally offered to vote upon the 108 shares, and produced the scrip showing title in them respectively to such shares. Those votes were rejected, and Wilson and the two Comstocks were declared elected by the 87 votes; and they were already in possession and control of the property and affairs of the corporation.

They at once made an affidavit showing the proceeding at the election, and alleged that they believed Buchanan and his associates questioned the validity of the election, and they were afraid the company would be injured by such claim.

The name of the corporation, as well as the successful trustees, were named as moving parties in the application.

At the special term an order was made *establishing* the election of Comstock and his associates as trustees.

From this order Buchanan and his associates appealed.

E. F. BULLARD *and* JOHN H. REYNOLDS, *for appellants.*
A. POND *and* W. A. BEACH, *for respondents.*

The order was affirmed at general term, and the following opinion delivered:

ROSEKRANS, J. The statute in relation to the election of trustees or directors of corporations provides that any person or body corporate that may be aggrieved by or may complain of any election, or any proceeding, act or matter in or touching the same, may make application, on notice to those who are to be affected thereby, to the supreme court, to inquire into the cause and matter of complaint; and the court, upon hearing the parties, may establish the election complained of, or order a new election. (1 *R. S.* 603, *marg.,* § 5.)

The Pioneer Paper Company was one of the parties which instituted the complaint in this case, and set forth in the affidavits all the proceedings relating to the election,

including the offers to vote upon certain stock. The objections to the votes being received, and the rejection of such votes, as the grounds of complaint, I think the company had the right under the statute to be heard on its application for the purpose of establishing the election of its trustees who were declared elected, or to have the election set aside and a new election ordered.

The joinder in the complaint of the trustees declared elected did not affect the rights of the company to institute the proceedings. I do not deem it necessary to determine whether the trustees declared elected could complain or be regarded as aggrieved by proceedings in which they were successful in every particular. The papers disclose the fact that the original stock ledger of this company, and the book of certificates of stock issued, containing merely the stubbs attached originally to the certificates issued, and upon which stubbs were entries of the names of the parties to whom the certificates were issued, the number of shares named in the certificates, and the dates of the certificates, were lost at the time of the election complained of, and could not be produced. It also appears that after such loss, and just before the election, the company had obtained a new stock ledger upon which the secretary of the company had entered the names of the stockholders and the number of shares to which the stockholders were entitled, and that this book was produced at the election.

The entry in the book in relation to 198 shares of the stock of the company, which originally was issued to S. A. Parks & Co., was that the stock belonged to Coe S. Buchanan and Elisha Comstock. Eighty-five shares of the stock was at the time of the election represented by two certificates issued to S. A. Parks & Co., and 113 shares by certificates issued to Coe S. Buchanan alone, in December, 1859. This certificate was obtained by Buchanan upon a surrender of certificates to S. A. Parks & Co., and the stock was placed in his own name without the consent of Parks.

In June, 1863, Parks assigned his interest in the 198 shares of stock to Comstock; and in an action by Comstock against Buchanan and the Pioneer Paper Company, to set aside the transfer of the 113 shares to Buchanan, it was adjudged, on the 22d day of March, 1864, that the surrender of the certificates for the 113 shares of stock by Buchanan, and the transfer of the stock to himself and the issuing of scrip to himself therefor, were fraudulent and void, and that Comstock was the owner of all Parks' interest in said stock, subject to all equities between Parks and Buchanan in regard thereto, and that Comstock and Buchanan, since Parks made the transfer to Comstock, were joint owners of said stock, subject to such equities, and the Pioneer Paper Company were required by its officers to issue scrip for said stock to Buchanan and Comstock jointly. This judgment was presented at the time of the election, and, as Comstock and Buchanan did not agree as to the manner of voting on this stock, the vote was rejected. I do not see how the chairman of the meeting of stockholders could have decided otherwise in relation to this stock. The judgment was unreversed, and as it declared the ownership to be in Buchanan and Comstock jointly, it necessarily controlled the effect of the certificates which were declared void. The appeal from the judgment which Buchanan had taken had no effect upon it, except to stay its execution so far as it had not already been executed.   (18 *How. Pr. R.* 124; 3 *Barb. R.* 194.)

It did not impair the effect of that part of the judgment declaring Buchanan and Comstock joint owners of the stock. This adjudication was founded upon the assignment by Parks to Comstock; and as the 85 shares were claimed by the same assignment, such assignment was properly decided by the chairman of the meeting of stockholders to pass the title to one-half of those shares to Comstock, to the same extent as it passed to him the title to one-half of the 113 shares.

The assignment and judgment showed that Buchanan and

Comstock were joint owners of the 198 shares of stock, and as Comstock was in favor of the ticket containing the names of the trustees elected, and Buchanan was in favor of the defeated ticket, the rejection of the entire vote did not affect the result of the election.

Upon the whole case, I am satisfied that there was no error committed in the election, and that the special term properly ordered that Wilson, Elisha Comstock and Marcus W. Comstock were duly elected, and were the trustees of the Pioneer Paper Company, and that its order should be affirmed, with costs.